UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITIMORTGAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> HELP FOR HOMEOWNERS, INC., and JOSHUA LOHRMAN, <br><br> Defendants. | Case No. 2:17-cv-02738-RFB-VCF <br><br> ORDER |

## I.   INTRODUCTION

Before the Court are two motions: (1) Defendant Help for Homeowners, Inc's ("HFH") Motion to Dismiss, ECF No. 26; and (2) Plaintiff CitiMortgage, Inc.'s Motion for Judgment on the Pleadings, ECF No. 28.

## II.   PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 in 2013. ECF No. 1.

CitiMortgage sued HFH and Joshua Lohrman on October 30, 2017, alleging two claims: declaratory relief under the Fifth and the Fourteenth Amendment to the federal constitution and quiet title under the Fifth and the Fourteenth Amendment to the federal constitution. Id. CitiMortgage also filed a notice of lis pendens. ECF No. 3.

On CitiMortgage's motion, the Clerk of the Court entered default against Joshua Lohrman on December 6, 2017. ECF Nos. 10, 12.

HFH filed a motion to dismiss on January 26, 2018. ECF No. 20. But the motion was dismissed without prejudice when the Court stayed this matter pending resolution of a question

certified to the Nevada Supreme Court. ECF No. 24. The Nevada Supreme Court issued its decision on the certified question in August 2018.

HFH now moves again to dismiss the complaint. ECF No. 26. CitiMortgage opposed the motion, and HFH replied. ECF Nos. 27, 29.

CitiMortgage moves for judgment on the pleadings. ECF No. 28. HFH opposed the motion, and HFH replied. ECF Nos. 30, 31.

### III. FACTUAL BACKGROUND

The Complaint alleges the following facts:

This matter concerns a property located at 8400 Running Deer Avenue #202, Las Vegas, NV 89145. The property is subject to a declaration of covenants, conditions, and restrictions for the Indian Wells Community Association ("the HOA").

On January 31, 2001, Upender F. Chopra obtained title to the property evidenced by a Grant Deed recorded in the Office of the Clark County Recorder on February 27, 2001. On February 15, 2006, Chopra obtained a loan from CitiBank (West), FSB ("CitiBank") in the amount of $127,200.00. To obtain the loan, Chopra executed a promissory note ("note") in favor of CitiBank and a deed of trust to secure repayment of the loan. The deed of trust was recorded on April 11, 2006. The deed of trust identified Chopra as the borrower and CitiBank as the Lender and Beneficiary. In December 2006, CitiMortgage acquired the interests of CitiBank by way of merger, which included the loan, the note, and the deed of trust.

On November 3, 2011, a Notice of Default and Election to Sell Real Property to Satisfy Delinquent Assessment Lien was recorded. The Notice of Default was submitted by The Law Offices of Hampton & Hampton, P.C. on behalf of the HOA. It asserts outstanding amounts owed as of November 1, 2011 in the amount of $2,375.00.

On May 30, 2012, a Notice of Trustee's Sale was recorded. The Notice of Trustee's Sale was submitted by Hampton & Hampton on behalf of the HOA. It asserts outstanding amounts owed in the amount of $4,357.00. 19.

///

On July 30, 2012, a Trustee's Deed Upon Sale was recorded. The Trustee's Deed Upon Sale was submitted by Hampton & Hampton on behalf of the HOA, stating that the HOA purchased the property for $4,357.00 at the HOA foreclosure sale held on July 9, 2012.

On July 23, 2013, a Grant, Bargain and Sale Deed was recorded. The Grant Deed shows that the HOA sold the property to HFH for $9,015.01.

On August 23, 2013, a second Grant, Bargain and Sale Deed was recorded. The second Grant Deed shows that HFH sold a 50% tenancy in common interest to Lohrman.

CitiMortgage was the beneficiary under the deed of trust at the time of the foreclosure sale and the recording of the two Grant Deeds.

### IV.     LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). Additionally, Federal Rule of Civil Procedure 12 also permits a party to move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).

### V.     DISCUSSION

The Court finds judgment is merited as a matter of law. The Court takes judicial notice of the public recorded documents attached to the parties' submissions. CitiMortgage bases both of its claims on alleged constitutional violations under the Due Process Clause of the federal

///

constitution. As explained below, CitiMortgage's claims are foreclosed by <u>SFR Investments Pool 1, LLC v. Bank of New York Mellon</u>, 422 P.3d 1248, 1252 (Nev. 2018).

In 2016, the Ninth Circuit issued its decision in <u>Bourne Valley Court Trust v. Wells Fargo Bank, NA</u>, 832 F.3d 1154, 1158–59 (9th Cir. 2016), <u>cert. denied,</u> 137 S. Ct. 2296 (2017). In <u>Bourne Valley</u>, the Ninth Circuit held that the opt-in notice scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional due process and that NRS 116.31168 did not incorporate the notice requirements of NRS 107.090. <u>Id.</u> at 1158–59. This holding was based upon the Ninth Circuit interpreting the statutory scheme of NRS Chapter 116 as setting forth an "opt-in" notice requirement. Importantly, the Nevada Supreme Court had not yet construed the interplay between NRS 116.31168 and NRS 107.090.

However, following the <u>Bourne Valley</u> decision, the Nevada Supreme Court considered the relation between the two statutes in its 2018 decision: <u>SFR Investments Pool 1, LLC v. Bank of New York Mellon</u>. The Nevada Supreme Court held that NRS 116.31168 incorporated the notice requirements of NRS 107.090. 422 P.3d at 1252. Thus, the Nevada Supreme Court found notice to be mandatory to interest holders like CitiMortgage. <u>Id.</u> As the Nevada Supreme Court had not previously had an opportunity to explicitly construe the respective state statutes in terms of their notice requirements and as the Nevada Supreme Court is the final arbiter of the construction of Nevada statutes, this Court must follow the Nevada Supreme Court's interpretation of Nevada statutes in this case. <u>California Teachers Ass'n v. State Bd. of Educ.</u>, 271 F.3d 1141, 1146 (9th Cir. 2001) (explaining that "it is solely within the province of the state courts to authoritatively construe state legislation"); <u>Owen By & Through Owen v. United States</u>, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit's interpretation of state law is only binding to the extent there is no subsequent indication from the state court that the interpretation was incorrect).

This Court has previously found consistent with the Nevada Supreme Court's interpretation of Nevada law that NRS 107.090 as incorporated by the Nevada HOA lien statute satisfies due process requirements. <u>JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC</u>, 200 F. Supp. 3d 1141, 1160–61 (D. Nev. 2016). The Court incorporates that prior reasoning by reference.

Based upon the holding of the Nevada Supreme Court in SFR Investments Pool 1 and this Court's prior analysis, the Court finds that Nevada's statutory scheme in NRS Chapter 116 does not violate due process. Therefore, CitiMortgage's contention that the statute violates its due process rights fails as a matter of law.

Further, the Court does not find that the failure to specify the super-priority portion of the HOA's lien and its effect on the property interest of the Plaintiff constitute a violation of due process. Taking the allegations in the light most favorable to the CitiMortgage, the Court finds that the allegations noticed CitiMortgage to the amount claimed as due. Thus, the notices in this case contained the requisite information as required by Nevada law at the time, including NRS 116.31162 and NRS 116.311635 even without identifying the super-priority amount. These relevant notice statutes did not require at that time any separate identification of a "super-priority" section with an amount. NRS 116.31162 only required identification of the "deficiency in payment." The notices in this case as alleged had an appropriate identification of the deficiency. Further, "[I]t is well established that due process is not offended by requiring a person with actual, timely knowledge of an event that may affect a right to exercise due diligence and take necessary steps to preserve that right." In re Medaglia, 52 F.3d 451, 455 (2d Cir. 1995).

Moreover, the Court finds that the operation of the NRS116.3116 in terms of the ordering of the priority of liens and the extinguishment of junior liens was and is apparent under Nevada law. The language of the statute itself clearly creates a super-priority lien for nine months of outstanding HOA assessments. Id. And the fact that the junior liens will be extinguished upon the foreclosure of the super-priority lien is apparent from Nevada's following of the Restatements, particularly the Restatement Third of Property. See SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 412 (Nev. 2014) (citing to the Restatements for the principle that "[a] valid foreclosure of a mortgage terminates all interests in the foreclosed real estate that are junior to the mortgage being foreclosed").

For the reasons noted, the Court grants CitiMortgage's Motion to Dismiss and denies CitiMortgage's Motion for Judgment on the Pleadings as moot.

/ / /

## VI. CONCLUSION

**IT IS ORDERED** that the stay in this matter is lifted.

**IT IS FURTHER ORDERED** that Defendant Help for Homeowners, Inc.'s Motion to Dismiss (ECF No. 26) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff CitiMortgage, Inc.'s Motion for Judgment on the Pleadings (ECF No. 28) is dismissed as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall dismiss the case against the Defendant Lohrman without prejudice as CitiMortgage, Inc. has not taken further action to prosecute this case against Defendant Lohrman. The Court exercises its inherent authority in the management of its docket and its authority under Rule 41(b) to dismiss the action against Defendant Lohrman for failure to prosecute. CitiMortgage shall have 14 days to request reconsideration of this dismissal against Defendant Lohrman, file a motion for reconsideration to reopen the case, and a simultaneous motion for default judgment. If no such motion is filed, the case will be deemed dismissed with prejudice as to Defendant Lohrman.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED: March 31, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**